## 10178.  SWIFT SPINNING MILLS *v.* CROUCH.

BROYLES, P. J.  1.  The petition was good as against the general grounds of the demurrer.

2. Two of the special grounds of the demurrer to the petition should have been sustained:  (*a*)  The 11th paragraph of the petition was subject to the special ground of the demurrer interposed.  (*b*)  Subparagraph 7 of paragraph 12 was subject to the special demurrer.

3. The court erred in overruling the special grounds of the demurrer referred to, but properly overruled the general grounds, and the other special grounds thereof.

. *Judgment reversed.  Bloodworth and Stephens, JJ., concur.*

DECIDED MAY 7, 1919.

Action for damages; from Muscogee superior court—Judge Howard.  October 19, 1918.

The petition alleges that the Swift Spinning Mills injured and damaged the plaintiff in the sum of $25,000, by reason of the facts here stated: (Paragraph 3)  On August 15, 1917, plaintiff was a carpenter employed by defendant and doing carpenter work at the defendant's plant.  (4)  Defendant maintained as a part of its machinery a rip-saw, operated by a belt from the shafting in the defendant's machine shop.  (5)  About 2 o'clock p. m. it became plaintiff's duty to rip or saw a small piece of plank to finish a box for a roller covering machine.  (6)  Plaintiff was attending to his said duties in a proper manner and was free from fault in every particular, and the defendant was guilty of gross negligence which caused the injury to him hereinafter set forth.  (7)  The rip-saw was defective and dangerous, in that it was worn in the bearings, and the bearings were worn to such an

extent that the saw did not run true. The saw had not been properly inspected, and had not been properly repaired by defendant, in that there were long and short teeth on it when the teeth should have been uniform; which condition caused the plank to kick back, and threw plaintiff's left hand on the rip-saw, which was revolving at a very rapid rate of speed, and the rip-saw almost completely severed his hand. (8) Plaintiff's duties were not to inspect said machinery, nor was it his duty to repair said machine, and he did not know of its dangerous condition; but it was the duty of the defendant to inspect and repair and keep said machinery in a safe condition. At the time of the injury said machinery was revolving rapidly, and plaintiff could not by the exercise of ordinary care, and did not, know that the machinery was not running true or that the teeth of the machine were not cut down correctly, but the defendant did know and could by proper care and inspection have ascertained said defective and dangerous condition. (9) The condition of said machine was known to defendant but unknown to plaintiff, and he could not ascertain the same by all due care and caution on his part. (10) The injury described is permanent and plaintiff cannot follow his former occupation as a carpenter and mechanic, and his earning capacity is thereby decreased two thirds of what his former earnings were. (11) Plaintiff was a strong and ablebodied man capable of earning $5 per day as a carpenter and mechanic and was in good health and forty-five years of age at the time of said injury. (12) The following acts of negligence on the part of the defendant contributed to and caused the said injury: 1. In not providing reasonably safe machinery with which plaintiff was to work. 2. In not having said rip-saw properly inspected and repaired. 3. In not having the teeth of the rip-saw uniform as to length. 4. In not having said saw to run true. 5. In allowing the rip-saw to run untrue and causing said plank to kick and jerk about while the saw was being run at a very rapid rate. 6. In cutting, injuring, and damaging plaintiff's hand. 7. In not having the master mechanic to true up the rip-saw and repair it, so that it would run true.

Paragraph 5 was amended by adding that the plank was about 2 feet long and about 6 inches across and was soft pine without knots. The petition was further amended as follows: (a) The

saw was a circular rip-saw 12 inches in .diameter and extended through an iron table (from the under side), and the table was about 4 feet long and about 3 feet wide, and the opening in ·the table was about a half inch wide where the saw protruded about two inches. The teeth on the saw when properly filed were a half inch long. The saw ·revolved toward plaintiff as it cut the pieces. of wood he was holding, and, on account of the small size of. the teeth and their being gummed with sawdust and gum or rosin from wood that had been cut with it, he could not tell that some of the teeth were long and some short, without cleaning or inspecting them; which it was not his duty to do. The bearings were two cast metal boxes filled with bobbitt metal, in which were set the two ends of the shaft on which the saw was set, and· the babbitt metal was worn and allowed considerable play or loss in the- running of the saw, which was not apparent while the saw was revolving or running idle, but it would wabble and run untrue when it was sawing; which was not apparent without an inspection of the bearings and removing the boxes, which it was not plaintiff's duty to do. (b) The rip-saw was located at the south end of the machinery department of the winder room on the first floor, and· plaintiff started the saw by a pulley that threw the belt on the shafting, he not being able to tell, from the small distance that the saw protruded through the iron table, that it was not set true and running true in the bearings, and not being able to tell the varying length of the teeth, from the small protrusion of the saw and also from the gummed condition of the sawdust col- lected on the saw and table. After the saw started to running he took the said piece of board and held it against the saw with both of his hands until it became necessary to hold the board back of the saw, on account of its being ripped near where he was holding it.. Then he caught the said board back of the saw with his left hand until he could move his right hand from the end of the board near himself " (pushing) to end beyond the saw pulling, when the saw caught the plank and kicked it out and jerked his hand against the saw, inflicting said injuries."

The demurrer to the petition as amended was on the grounds: (1) It appears that there is no right in the plaintiff to maintain the action. (2) No cause of action is set forth. (3) It appears that the plaintiff by ordinary care could have. avoided the injury.

(4)   It appears that the injury was caused by the plaintiff's own negligence.   (5)   It appears that the alleged defects in the saw and its bearings were not the proximate cause of the injury. (6)   It appears that the plaintiff had equal means and opportunity with the defendant of ascertaining the alleged looseness in the bearings.   (7)   It appears that the plaintiff had a better opportunity than the defendant of knowing that the saw would wabble and run untrue when sawing.   (8)   The petition does not show how long before the injury the plaintiff had been operating the saw and to what extent he had been using it.   (9)   There is no allegation showing that by ordinary care the plaintiff could not have known of the danger of pulling the board at the rear of the saw with his left hand.   (10)   The allegations in paragraph 6 are (a) mere conclusions of the pleader, and (b) are contradicted by other allegations of fact.   (11)   It is not shown how, why, or in what manner the alleged dangerous condition of the rip-saw caused the plank to kick back and threw the plaintiff's hand on the rip-saw.  (12-15) Allegations in paragraphs 7 and 12 are demurred to as conclusions of the pleader and as not showing how the alleged negligence caused the plank to kick back and injure the plaintiff.   Subparagraph 1 of paragraph 12 was demurred to on the ground that it appears from the allegations of the petition as amended that the alleged defects of the machinery were not the proximate cause of the injury.   (16) Subparagraph 7 of paragraph 12 was demurred to as a conclusion and because no facts are alleged showing that it was the duty of the master mechanic to true up the rip-saw and repair it.   (17) Paragraph 11 is demurred to on the ground that the allegation that the plaintiff was capable of earning $5 per day is irrelevant and immaterial, and vague and indefinite, in that there is no averment of what the plaintiff had been earning before or at the time of the accident.   (18)   The allegation in paragraph b of the amendment, that "it became necessary to hold said board back of said saw," is demurred to as a mere conclusion.

The court overruled each ground of the demurrer.

*Slade & Swift, A. W. Cozart,* for plaintiff in error.

*McCutchen & Bowden, Love & Fort,* contra.